Christian Keeney CA Bar No. 269533
christian.keeney@ogletree.com
Alis Moon CA Bar No. 293897
alis.moon@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Park Tower, Fifteenth Floor
695 Town Center Drive
Costa Mesa, CA 92626
Telephone: 714-800-7900
Facsimile: 714-754-1298

Attorneys for Defendant
Central Transport LLC, nka Legacy Resolution, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| EDUARDO OLEYNICK, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CENTRAL TRANSPORT LLC, an Indiana limited liability company; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 2:21-cv-2847<br><br>**DEFENDANT CENTRAL TRANSPORT LLC NKA LEGACY RESOLUTION, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446**<br><br>*[Filed Concurrently with Notice of Related Cases; Certificate of Interested Parties; Civil Cover Sheet; Corporate Disclosure Statement; and Declaration of Kevin Kalczynski]*<br><br>Complaint Filed: January 21, 2021<br>Trial Date: None Set<br>District Judge: Hon. TBD<br>Magistrate Judge: Hon. TBD |

46634194_1.docx

DEFENDANT CENTRAL TRANSPORT LLC NKA LEGACY RESOLUTION, LLC'S NOTICE
OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Defendant Central Transport LLC, now known as Legacy Resolution, LLC ("Defendant"), petitions the Court to remove this action from the Superior Court of the State of California for the County of Los Angeles to the United State District Court for the Central District of California, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because complete diversity of citizenship exists between Plaintiff Eduardo Oleynick ("Plaintiff") and Defendant, the amount in controversy exceeds $75,000, and the foregoing facts were also true when Plaintiff filed the Complaint.

## I.    THE STATE COURT ACTION

1.    On January 21, 2021, Plaintiff filed an action against Defendant entitled "Eduardo Oleynick, an individual v. Central Transport LLC, an Indiana limited liability corporation; and Does 1 through 20, inclusive," in Los Angeles County Superior Court, Case No. 21STCV02516. A true and correct copy of the Summons and unverified Complaint is attached as **Exhibit "A."**

2.    On March 4, 2021, Plaintiff personally served Defendant's registered agent with the Summons and Complaint. *See* Declaration of Kevin Kalczynski ("Kalczynski Decl.") at ¶ 10. A true and correct copy of all other documents that were served on Defendant in this action with the Summons and Complaint is attached as **Exhibit "B."**

3.    On April 1, 2021, Defendant timely filed and served its Answer to the Complaint in Los Angeles County Superior Court. A true and correct copy of the Answer is attached as **Exhibit "C."**

## II.    REMOVAL IS TIMELY

4.    A defendant in a civil action has 30 days from the date it is validly served with a summons and complaint to remove the action to federal court. 28 U.S.C.

46634194_1.docx

DEFENDANT CENTRAL TRANSPORT LLC NKA LEGACY RESOLUTION, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

§ 1446(b) ("[A] notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.").

5.    As explained in Paragraph No. 2 above, Plaintiff served the Summons and Complaint on Defendant's registered agent on March 4, 2021. Because Defendant filed this removal within 30 days of service of the Summons and Complaint, removal is timely.[1]

## III.   COMPLETE DIVRESITY EXISTS BETWEEN THE PARTIES

### A.   Plaintiff is a citizen of California.

6.    For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

7.    Plaintiff alleges in his Complaint that he "is a resident of the County of Los Angeles, State of California." Compl., ¶ 2. Plaintiff's allegations constitute *prima facie* evidence of domicile, which creates a rebuttable presumption sufficient to support removal. *See Sololoff v. LRN Corp.*, 2013 WL 4479010, at *2-3 (C.D. Cal. 2013) (finding that the removing defendant "carried its burden of showing diversity" because it had presented evidence of plaintiff's residence, which was "'prima facia' [sic.] evidence of his domicile, and thus of his citizenship," and plaintiff failed to provide evidence of a different domicile); *see also State Farm Mut. Auto. Ins. Co. v. Dyer,* 19 F.3d 514, 520 (10th Cir. 1994) ("Residence alone is not the equivalent of citizenship, but the place of residence is *prima facie* the domicile.").

---

[1] Under Federal Rule of Civil Procedure 6(a)(1)(C), because the thirtieth calendar day after the date Plaintiff served Defendant with the Complaint is on a Saturday (April 3, 2021), the deadline to remove is "the next day that is not a Saturday, Sunday, or legal holiday," *i.e.*, Monday, April 5, 2021.

DEFENDANT CENTRAL TRANSPORT LLC NKA LEGACY RESOLUTION, LLC'S NOTICE
OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

46634194_1.docx

8.      Plaintiff's domicile in California is further established by: (a) his continued employment with Defendant in California from approximately August 28, 2019 to July 27, 2020; (b) his last known residence in the County of Los Angeles at the time his lawsuit was filed; and (c) his job application with Defendant showing that he resided and continuously worked in California for more than 20 years. Compl. ¶¶ 2, 17; Kalczynski Decl. at ¶ 12; *see Kyung Park v. Holder*, 572 F.3d 619, 624-25 (9th Cir. 2009) (current residence and place of employment evidence of the intention to remain); *Heinz v. Havelock*, 757 F.Supp. 1076, 1079 (C.D. Cal. 1991) (so long as a plaintiff has not completed a move to another state, the plaintiff's domicile remains at the place of his or her last residence at the time a suit was filed).

9.      Based on the foregoing, Defendant has satisfied its burden to create a rebuttable presumption that Plaintiff is a citizen of California.

**B.      Defendant is a citizen of the states of Michigan and Indiana.**

10.      Defendant is a Texas limited liability company with its principal place of business in Warren, Michigan. *See* Kalczynski Decl. at ¶ 4. Because Defendant is a limited liability company, it is treated as a citizen of all states where its members/owners are citizens. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (holding that, like a partnership, the citizenship of an LLC is the citizenship of all its members, rather than applying the two-part corporate citizenship rule (place of incorporation and principal place of business); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998) ("[T]he citizenship of an LLC for purposes of the diversity jurisdiction is the citizenship of its members.").

11.      The "'principal place of business' [as contained in 28 U.S.C. § 1332(c)] is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1184 (2010). In other words, the principal place of business is the place where the corporation "maintains its headquarters – provided that the headquarters is the actual center of direction, control and coordination." *Id.*

46634194_1.docx

4

DEFENDANT CENTRAL TRANSPORT LLC NKA LEGACY RESOLUTION, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

12.     When the Complaint was filed, and continuing through the present, Defendant's owners/members were and are as follows:

(a)     MJM Investment Holdings, LLC, is an Indiana limited liability company with its principal place of business in Michigan. *See* Kalczynski Decl. at ¶¶ 5-6. The entity's primary management offices and operations are all located at its corporate headquarters in Warren, Michigan. Kalczynski Decl. at ¶ 6. Further, the direction, control and coordination of this entity's activities take place from its corporate headquarters in Warren, Michigan. *Id.* The sole member of MJM Investment Holdings, LLC, is Matthew T. Moroun, as Trustee of the Manuel J. Moroun Trust u/t/a dated 03/24/77, as amended and restated. *See* Kalczynski Decl. at ¶ 7. The trust is formed under the laws of the state of Michigan. *Id.* Matthew T. Moroun is a citizen of the state of Michigan. *Id.*

(b)     MTM Investment Holdings, LLC, is an Indiana limited liability company with its principal place of business in Warren, Michigan. *See* Kalczynski Decl. at ¶¶ 5, 8. This entity's primary management offices and operations are all located at its corporate headquarters in Warren, Michigan. *See* Kalczynski Decl. at ¶ 8. Further, the direction, control and coordination of this entity's activities take place from its corporate headquarters in Warren, Michigan. *Id.* The sole member of MTM Investments, LLC, is Matthew T. Moroun, who is a Michigan citizen. *See* Kalczynski Decl. at ¶ 9.

13.     Accordingly, Defendant is a citizen of the States of Michigan and Indiana.

14.     Because Plaintiff is a California citizen and Defendant and its members are not California citizens, complete diversity among the parties exists now, and did so when Plaintiff filed this action on January 21, 2021.

## IV.     THE JURISDICTIONAL MINIMUM IS SATISFIED

15.     This Court's jurisdictional minimum of an amount in controversy over $75,000 was satisfied at the time of the filing of this action, and still is satisfied, as is

46634194_1.docx

DEFENDANT CENTRAL TRANSPORT LLC NKA LEGACY RESOLUTION, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

explained below.[2]

16.     As a threshold matter, the Court may look to the Complaint and the removal papers for underlying facts establishing the jurisdictional limit for removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). As these pleadings show, the amount in controversy here is at least $75,000.

### A.     Lost Wages

17.     Plaintiff seeks to recover past and future lost wages. Compl., ¶¶ 37, 49, 61, 67, 75, 83, 105; Prayer for Relief No. 1.

18.     The Court may consider lost earnings in determining the amount in controversy. *See Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (trial court properly considered evidence of plaintiff's lost wages in determining that the amount in controversy exceeded $75,000).

19.     Plaintiff alleges that he was employed by Defendant from approximately August 28, 2019 to July 27, 2020. Compl., ¶ 17. Plaintiff further alleges that he was paid $24.00 per hour at the time of his termination, working up to 40 hours per week, which is approximately $960 a week in base pay. Compl., ¶¶ 19-20.

20.     Based on Plaintiff's weekly earnings of $960 per week, Plaintiff's lost earnings since the end of his employment on July 27, 2020, currently total approximately $34,560 ($960 per week x 36 weeks).

21.     When the date of a trial is not set, courts have found one year from the date of removal to be a *conservative* trial date estimate for purposes of removal. *Reyes v. Staples Office Superstore, LLC*, No. CV 19-07086-CJC (SKx), 2019 WL 4187847, at *3 (C.D. Cal. Sept. 3, 2019) ("[C]ourts have often found that one year from the date of removal is a 'conservative estimate of the trial date' in employment cases."); *Beltran v. Procare Pharmacy, LLC*, No. 219CV08819ODWRAOX, 2020 WL 748643,

---

[2] Defendant discusses the allegations in Plaintiff's Complaint solely to demonstrate that the amount in controversy in this matter exceeds $75,000. In doing so, Defendant does not admit that Plaintiff is entitled to these damages or that Plaintiff will be able to recover on any of his theories.

DEFENDANT CENTRAL TRANSPORT LLC NKA LEGACY RESOLUTION, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

46634194_1.docx

at *3 (C.D. Cal. Feb. 14, 2020) (same). One year from the April 5, 2021 removal date in this case is approximately April 5, 2022. Thus, the amount of past and future lost earnings Plaintiff has put in controversy, *i.e.,* total lost earnings between Plaintiff's alleged termination date of July 27, 2020 and the estimated trial date in this matter based on the conservative trial date estimate in this District, April 5, 2022, is at least **$84,480** ($960 per week x 88 weeks).

**B.    Unpaid Overtime**

22.    Plaintiff alleges that Defendant failed to pay all overtime compensation required by Labor Code section 510 and seeks to recover unpaid overtime. Compl., ¶¶ 116-120; Prayer for Relief No. 2.

23.    The Court may consider alleged unpaid overtime for purposes of determining the amount in controversy. *See Patel v. Nike Retail Servs., Inc.,* 58 F. Supp. 3d 1032, 1040 (N.D. Cal. 2014) (considering the plaintiff's alleged unpaid overtime for purposes of determining the amount in controversy).

24.    Section 510(a) of the California Labor Code provides in pertinent part: "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee."

25.    Plaintiff alleges that "Defendants failed and refused to pay Plaintiff all the overtime compensation" required by the California Labor Code. Compl. ¶ 116. Plaintiff further alleges that he is owed a total of $1,997.50 in unpaid overtime. Compl. ¶ 119 ("Plaintiff is owed overtime wages of $1,997.50); *see also* Prayer for Relief No. 2.

26.    Based on these allegations, Plaintiff has put in controversy at least **$1,997.50** in unpaid overtime wages.

/ / /

/ / /

46634194_1.docx

DEFENDANT CENTRAL TRANSPORT LLC NKA LEGACY RESOLUTION, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

## C.    Rest Period Claims

27.    Rest period claims are properly considered in determining the amount in controversy. *See, e.g., Adkins v. J.B. Hunt Transport, Inc.* 293 F.Supp.3d 1140, 1145 (E.D. Cal. March 20, 2018) (holding that meal and rest period claims are considered to determine amount in controversy); *see also Muniz v. Pilot Travel Ctr. LLC*, 2007 WL 1302504, at *4 (E.D. Cal. May 1, 2007); *Helm v. Alderwoods Group, Inc.*, 2008 WL 2002511, at *8 (N.D. Cal. May 7, 2008).

28.    Under California law, employees who miss rest periods are entitled to one hour of "premium pay" at their regular rate of pay for each day that a rest period is missed. *See United Parcel Service, Inc. v. Super. Ct.*, 192 Cal.App.4th 1425 (2011).

29.    Plaintiff alleges that "Defendants failed and refused to provide Plaintiff with rest periods, and failed to compensate Plaintiff for missed rest periods." Compl., ¶ 124. Plaintiff further alleges that he is owed $5,597.50 in unpaid rest period premiums. Compl., ¶¶ 126, 128; Prayer for Relief No. 4.

30.    Based on these allegations, Plaintiff has put in controversy at least **$5,597.50** in unpaid rest period premiums.

## D.    Itemized Wage Statements

31.    Plaintiff also seeks to recover penalties pursuant to Labor Code sections 226 and 226.3 for Defendant's alleged failure to provide accurate itemized wage statements. Compl., ¶¶ 130-131.

32.    Penalties under Section 226 are properly considered in determining whether the amount-in-controversy requirement is met. *See Saulic v. Symantec Corp.*, 2007 WL 5074883, at *7-8 (C.D. Cal. Dec. 26, 2007).

33.    Section 226(e) provides penalties for inaccurate wage statements as follows: the "greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000)[.]"

46634194_1.docx

DEFENDANT CENTRAL TRANSPORT LLC NKA LEGACY RESOLUTION, LLC'S NOTICE
OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

34.     Plaintiff also alleges that "pursuant to Labor Code §226.3, an employer who willfully violates Labor Code § 226 is subject to a $250.00 civil penalty for the initial pay period in which a violation occurred, and $1,000.00 per employee for each subsequent pay period, with no maximum." Compl., ¶ 131.

35.     Plaintiff alleges that he is entitled to the statutory maximum wage statement penalty in the amount of $4,000 pursuant to Labor Code section 226, in addition to $22,250 in penalties pursuant to Labor Code section 226.3. Compl., ¶ 135 ("Defendants are liable to Plaintiff for Plaintiff's actual damages, or penalties in the statutory maximum amount of $4,000.00, whichever is greater."); Compl., ¶ 136 ("Defendants are penalized $250.00 for the first violation, and the remainder of which Defendants are penalized $1,000.00 each, for a total due in Labor Code §226.3 penalties of $22,250.00."); Prayer for Relief Nos. 5-6.

36.     Based on these allegations, Plaintiff has put in controversy at least **$26,250** in itemized wage statement penalties.

### E.     <u>Waiting Time Penalties</u>

37.     Plaintiff seeks to recover waiting time penalties for wages Defendant allegedly failed to pay Plaintiff. Compl., ¶ 141; Prayer for Relief No. 7.

38.     Waiting-time penalties should be considered in determining the amount in controversy. *See, e.g., Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982 (S.D. Cal. 2005).

39.     Waiting-time penalties are calculated by multiplying the employee's daily rate of pay by the number of days that the employee was not paid, up to a maximum of 30 days. Cal. Labor Code § 203.

40.     Plaintiff alleges that he is owed $5,760 in waiting time based on Plaintiff's daily average of $192 times 30 days. Compl., ¶ 141. Accordingly, the amount of waiting time penalties in controversy here is **$5,760**.

/ / /

/ / /

46634194_1.docx

DEFENDANT CENTRAL TRANSPORT LLC NKA LEGACY RESOLUTION, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

### F.    Labor Code section 558 Penalties

41.    Plaintiff seeks a total of $2,250 in penalties pursuant to Labor Code section 558 for Defendant's alleged failure to pay minimum and overtime wages. Compl., ¶¶ 111-112; Prayer for Relief No. 3.

42.    Labor Code section 558 applies to violations of provisions regulating "hours and days of work in any order of the Industrial Welfare Commission." *Labor Code* § 558(a). Claims for penalties under Labor Code § 558 are properly considered in determining the amount in controversy. *See e.g., Taylor v. Interstate Grp., LLC*, 2016 WL 861020, at *5 (N.D. Cal. Mar. 7, 2016).

43.    Based on Plaintiff's allegations, Plaintiff has put in controversy at least **$2,250** in penalties pursuant to Labor Code section 558.

### G.    Attorneys' Fees

44.    Plaintiff also seeks to recover attorneys' fees. Compl. ¶¶ 51, 63, 69, 77, 85; Prayer for Relief No. 14. Attorneys' fees may therefore be included in the amount in controversy. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (attorneys' fees may be included in the amount in controversy if recoverable by statute or contract).

45.    If Plaintiff prevails on his first through fifth or seventh causes of action, Plaintiff is entitled to seek attorneys' fees under the Fair Employment and Housing Act's (FEHA) fee-shifting provisions. *See* Cal. Gov't Code 12965(b) (courts may award attorneys' fees to "prevailing party" in FEHA actions); *Horsford v. Bd. of Trs. of Cal. State Univ.*, 132 Cal. App. 4th 359, 394 (2005) ("prevailing party" in FEHA action is entitled to attorneys' fees "absent circumstances that would render the award unjust"). Accordingly, Plaintiff's request for attorneys' fees under FEHA must be taken into consideration for removal purposes.

46.    The measure of such fees for determining the amount in controversy "should be the amount that can reasonably be anticipated at the time of removal, not merely those [fees] already incurred." *Simmons v. PCR Tech.*, 209 F.Supp.2d 1029,

46634194_1.docx

Case No. 2:21-cv-2847
DEFENDANT CENTRAL TRANSPORT LLC NKA LEGACY RESOLUTION, LLC'S NOTICE
OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

1035 (N.D. Cal. 2002); *Goldberg v. CPC International*, 678 F.2d 1365, 1367 (9th Cir. 1982) (noting that "potential attorneys' fees" could be considered for purposes of meeting the amount in controversy requirement) (emphasis added); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1011 n. 4 (N.D. Cal. 2002) ("While an estimate of the amount in controversy must be made based on facts known at the time of removal, that does not imply that items such as future income loss, damages, or attorneys' fees likely to be incurred cannot be estimated at the time of removal").

47.    As other courts have noted, employment actions often "require substantial effort from counsel." *Simmons*, 209 F.Supp.2d at 1035 (finding that the jurisdictional minimum was "clearly satisfied" given that in the court's "twenty-plus years' experience, attorney's fees in individual discrimination cases often exceed the damages.").

48.    In 2018, the California Court of Appeal upheld the trial court's decision to approve the hourly rates of $700 to $750 requested by Plaintiff's counsel, Ramin Younessi, in a disability discrimination matter. *See Bolanos v. Priority Bus. Servs., Inc.*, No. B280139, 2018 WL 1224655, at *14 (Cal. Ct. App. Mar. 9, 2018). Courts have found an hourly rate of $750 to be reasonable for attorneys of Mr. Younessi's experience and expertise. *See, e.g., Contreras v. City of Los Angeles*, 2013 WL 1296763, at *3 (C.D. Cal. Mar. 28, 2013) (acknowledging that an hourly rate of $750 has been found to be reasonable).

49.    Estimates for the number of hours expended through trial for employment cases in this district is 300 hours. *See Sawyer v. Retail Data, LLC,* No. SACV 15-0184 JVS, 2015 WL 3929695, at *3 (C.D. Cal. Apr. 29, 2015) (finding an estimate of 300 hours to be expended on a discrimination claim was reasonable)*; see also Sasso v. Noble Utah Long Beach, LLC*, No. CV 14-09154-AB AJWX, 2015 WL 898468, at *6 (C.D. Cal. Mar. 3, 2015); *Melendez v. HMS Host Family Restaurants, Inc.*, No. CV 11-3842 ODW CWX, 2011 WL 3760058, at *4 (C.D. Cal. Aug. 25, 2011).

50.    Accordingly, to litigate this case through trial at Mr. Younessi's recently

46634194_1.docx

11

DEFENDANT CENTRAL TRANSPORT LLC NKA LEGACY RESOLUTION, LLC'S NOTICE
OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

approved hourly rate, it is reasonable to anticipate that Plaintiff's attorneys' fees will be at least **$210,000** (300 hours x $700 per hour).

### H.   **Emotional Distress**

51.   Plaintiff seeks to recover damages for alleged "severe and profound pain and emotional distress." Compl. ¶ 36, 49, 61, 67, 75, 83, 105; Prayer for Relief No. 1.

52.   Emotional distress damages are properly considered in calculating the amount in controversy. *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031-35 (N.D. Cal. 2002).

53.   A defendant may introduce evidence of jury verdicts in other cases as evidence of plaintiff's potential emotional distress damages. *See Avila v. Kiewit Corp.*, No. CV 19-5740-MWF-JPR, 2019 WL 4729641, at *3 (C.D. Cal. Sept. 26, 2019); *Cain v. Hartford Life & Accident Ins. Co.*, 890 F. Supp. 2d 1246, 1250 (C.D. Cal. 2012).

54.   Emotional distress damages awards in single-plaintiff wrongful termination actions often exceed $75,000. Indeed, a jury recently awarded a plaintiff $1,050,000 in emotional distress damages in a case that has similar allegations as Plaintiff. *See Gonzalez v. Swissport SA LLC*, JVR No. 2005130028 (Super. Ct. L.A. County) (February 10, 2020). Specifically, in *Gonzalez*, the plaintiff alleged disability discrimination, retaliation, and wrongful termination after the plaintiff notified his employer of his alleged disability and took a leave of absence. *Cf.* Compl., ¶¶ 23-30 (alleging that Plaintiff's employment was terminated after allegedly notifying his supervisor of his alleged disability and taking a leave of absence for the same).

55.   Other recent jury verdicts in cases that are analogous and/or factually similar to Plaintiff's case establish that Plaintiff's alleged emotional distress damages exceed the jurisdictional minimum of this Court. *See, e.g., Quemada v. Cordoba Corporation,* JVR No. 20042300004 (Super. Ct. L.A. County) (December 6, 2019) (awarding $1,015,314 for emotional distress damages for plaintiff's claims of disability discrimination, failure to engage in the interactive process, failure to provide

DEFENDANT CENTRAL TRANSPORT LLC NKA LEGACY RESOLUTION, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

reasonable accommodations, failure to prevent discrimination, and wrongful termination in violation of public policy); *Ramirez v. Jack in the Box, Inc.*, JVR No. 1908020049 (Super. Ct. L.A. County) (June 11, 2019) (awarding the plaintiff $5 million for emotional distress in a disability discrimination matter); *Woods v. Greystar Management Services, L.P.,* JVR No. 1907020005 (Super. Ct. L.A. County) (April 11, 2019) (awarding the plaintiff $500,000 in emotional distress damages on her claims for wrongful termination, disability discrimination, failure to provide accommodation, failure to engage in the interactive process, and failure to take reasonable steps to prevent discrimination).

56.     These jury verdicts show that Plaintiff's alleged emotional distress damages in this action are potentially substantial. *See Avila, supra,* 2019 WL 4729641 (concluding that emotional distress damages are potentially substantial based on jury verdicts in discrimination cases); *Hurd v. Am. Income Life Ins.,* 2013 WL 5575083, at *7 (C.D. Cal. Oct. 10, 2013) ("Punitive damages and emotional distress damages in disability discrimination cases can be 'substantial' even when lost wages fall short of the jurisdictional minimum."). Accordingly, Plaintiff has put at least **$75,000** in emotional distress damages in controversy.

57.     In sum, and as shown in the chart below, the total amount in controversy, excluding punitive damages, is at least $411,335:

| Type of Damages | Amount in Controversy |
|---|---|
| Lost Earnings | $84,480 |
| Unpaid Overtime | $1,997.50 |
| Rest Period Premiums | $5,597.50 |
| Itemized Wage Statement Penalties | $26,250 |
| Waiting Time Penalties | $5,760 |
| Labor Code section 558 Penalties | $2,250 |
| Attorney's Fees | $210,000 |

DEFENDANT CENTRAL TRANSPORT LLC NKA LEGACY RESOLUTION, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

46634194_1.docx

| Emotional Distress | $75,000 + |
|---|---|
| **Total:** | **$411,335** |

## I.    <u>Punitive Damages</u>

58.    According to Plaintiff's Complaint, Plaintiff seeks to recover alleged punitive damages. Compl., ¶¶ 39, 50, 62, 68, 76, 84, 106; Prayer for Relief No. 11.

59.    Because Plaintiff seeks punitive damages, punitive damages should be considered in determining the amount in controversy. *Bell vs. Preferred Life Assurance Society*, 320 U.S. 238, 240 (1943) ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount."); *Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972) (explaining that in determining the amount in controversy, courts must consider the aggregate of general damages, special damages, punitive damages, and attorneys' fees).

60.    Although Defendant denies liability, it is more likely than not that Plaintiff has put at least $75,000 in controversy for Plaintiff's punitive damages, either alone or in combination with Plaintiff's other claims. *See, e.g., Ortega v. Carson Wild Wings LLC*, JVR No. 2004090009 (February 11, 2020) (awarding a plaintiff $100,000 in punitive damages for a wrongful termination and retaliation matter in Los Angeles County); *Quemada v. Cordoba Corporation*, JVR No. 2004230004 (December 6, 2019) (awarding a plaintiff $1.5 million in punitive damages where the plaintiff alleged disability discrimination and wrongful termination in Los Angeles County); s*ee also Romero v. Leon Max, Inc.*, 2009 WL 5258439 (awarding the plaintiff $50,000 in punitive damages, where plaintiff claimed she had been wrongfully terminated); *Roby v. McKesson Corp.*, 47 Cal. 4th 686 (Cal. 2009) (affirming punitive damages award of $1,905,000); *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002) (acknowledging the potential for "large" punitive damages awards in employment discrimination cases); *Rodriguez v. Valley Vista Services, Inc.*, 2013 WL

46634194_1.docx

14

DEFENDANT CENTRAL TRANSPORT LLC NKA LEGACY RESOLUTION, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

2102714 (Sup. Ct., County of Los Angeles 2013) (awarding plaintiff $7,570,261 and $9,000,000 for punitive damages from defendants in disability discrimination and wrongful termination case where plaintiff's past economic loss was just $66,023).

61.     Accordingly, to the extent that the Court determines that Plaintiff's lost earnings, attorneys' fees, penalties, and emotional distress alone are insufficient to satisfy the amount in controversy requirement, the amount of punitive damages potentially in controversy is more than enough to satisfy the amount in controversy requirement.

## V.     SATISFACTION OF REQUIREMENTS OF 28 U.S.C. § 1446

62.     In accordance with 28 U.S.C. §1446(a), this Notice of Removal is filed in the District Court of the United States in which the action is pending.

63.     This Court is the proper venue because it is in the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

64.     In accordance with 28 U.S.C. §1446(a), this Notice of Removal is accompanied by **Exhibits A** through **C**, which are copies of all process, pleadings, and orders served on Defendant.

65.     In accordance with 28 U.S.C. §1446(b), Defendant's Notice of Removal was filed within 30 days after the initial service on Defendant on March 4, 2021.

66.     In accordance with 28 U.S.C. §1446(d), Defendant will give written notice of the original removal of this action to Plaintiff via his counsel and file a copy of that Notice with the Los Angeles County Superior Court.

/ / /

/ / /

/ / /

/ / /

46634194_1.docx

DEFENDANT CENTRAL TRANSPORT LLC NKA LEGACY RESOLUTION, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

## VI.  <u>CONCLUSION</u>

67.    Because jurisdiction is proper under 28 U.S.C. § 1332 (diversity), Defendant respectfully requests that this Court exercise its removal jurisdiction over this action.

DATED: April 2, 2021

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: _____
Christian Keeney
Alis Moon
Attorneys for Defendant
Central Transport LLC, nka Legacy Resolution, LLC

46634194_1.docx

DEFENDANT CENTRAL TRANSPORT LLC NKA LEGACY RESOLUTION, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

**PROOF OF SERVICE**
*Eduardo Oleynick v. Central Transport LLC, et al.*
Case No. 2:21-cv-2847

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Orange in the office of a member of the bar of this court at whose direction the service was made. My business address is 695 Town Center Drive, Suite 1500, Costa Mesa, CA 92626.

On April 2, 2021, I served the following document(s):

**DEFENDANT CENTRAL TRANSPORT LLC NKA LEGACY RESOLUTION, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as follows:

☒    **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐    **BY CM/ECF:** With the Clerk of the United States District Court of California, using the CM/ECF System. The Court's CM/ECF System will send an e-mail notification of the foregoing filing to the parties and counsel of record who are registered with the Court's CM/ECF System.

☒    **(Federal)**    I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

☐    **(Federal)**    I declare that I am a **member** of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on April 2, 2021, at Costa Mesa, California.

_____
Alba DonJuan

46634194_1.docx

DEFENDANT CENTRAL TRANSPORT LLC NKA LEGACY RESOLUTION, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

**SERVICE LIST**

Ramin R. Younessi, Esq.                    Attorneys for Plaintiff
LAW OFFICES OF RAMIN R. YOUNESSI          Eduardo Oleynick
A PROFESSIONAL LAW CORPORATION
3435 Wilshire Boulevard, Suite 2200
Los Angeles, CA  90010
Telephone:  213-480-6200
Facsimile:    213-480-6201

43371514.1

46634194_1.docx

18                                        Case No. 2:21-cv-2847

DEFENDANT CENTRAL TRANSPORT LLC NKA LEGACY RESOLUTION, LLC'S NOTICE
OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446